JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 14-4770-RGK (FFMx)** | Date | July 3, 2014 |
|---|---|---|---|
| Title | *Enajeroh v. Citibank Mortgage* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **(IN CHAMBERS) Order Remanding Civil Action to Superior Court**

On June 20, 2014, Defendant Citibank Mortgage filed a Notice of Removal ("Notice") on the basis of diversity under 28 U.S.C. § 1332. Defendant contends there is diversity of citizenship because (1) Plaintiff is a California citizen and Defendant is a citizen of New York and Missouri; and (2) the amount in controversy exceeds $75,000 because Plaintiff's Complaint seeks injunctive relief, which implicates the value of the underlying property of $671,000. (Def.'s NOR 7).

The party seeking removal bears the burden of establishing federal subject matter jurisdiction. *Gould v. Mutual Life Ins. Co. of New York*, 790 F.2d 769, 771 (9th Cir. 1986). If there is any doubt as to whether removal was proper, the court must remand. 28 U.S.C. § 1447(c). Subject matter jurisdiction based on 28 U.S.C. § 1332 requires complete diversity between parties and an amount in controversy exceeding $75,000. In removal cases where the amount in controversy is in doubt, there is a "strong presumption" that the plaintiff has not claimed an amount in excess of the jurisdictional minimum of $75,000. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290 (1938)). If the amount in controversy is not clear from the face of the complaint, the defendant must provide facts to establish jurisdiction by a "preponderance of the evidence," i.e. that it is more likely than not that the plaintiff's claim exceeds the $75,000 minimum. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). In actions seeking injunctive relief, "the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977).

Defendant argues in its Notice of Removal that Plaintiff's claims exceed the minimum amount in controversy because he seeks injunctive relief with regard to the Subject Property. (Def.'s Notice 7; Pl.'s Compl., Pray for Relief ¶ 1). After reviewing the Complaint, the Court finds that Plaintiff has not adequately alleged that foreclosure is imminent. The Court does not therefore believe that the value of the property approximates the value of available injunctive relief. The Court accordingly considers only Plaintiff's claims for damages, and finds that the amount in controversy with regard to these claims does not reach the statutory minimum.

**A.     The Court Cannot Consider Plaintiff's Property As The Object Of The Litigation When There Is Only A Mere Possibility Of Foreclosure**

If the primary purpose of a lawsuit is to enjoin a bank from foreclosing on a property, then the property may be considered the object of the litigation and its value used to determine the amount in controversy. *See Garfinkle v. Wells Fargo Bank,* 483 F.2d 1074, 1076 (9th Cir. 1973) (finding the property satisfied the amount in controversy because the whole purpose of the action was to stop the bank from selling the property in the manner contemplated). However, in this case the mere possibility of Citibank foreclosing on the property does not make the property the object of the litigation. Plaintiff's Complaint does not state facts that adequately allege that foreclosure proceedings are imminent or that a Notice of Default has ever been filed to trigger foreclosure proceedings. Whether Plaintiff's property will ultimately be foreclosed on is therefore purely speculative. Under these circumstances, the Court does not believe that the value of the property approximates the value of the injunctive relief sought. Furthermore, Defendant has not provided the Court with any other basis to calculate the value of the injunctive relief Plaintiff seeks. The Court must therefore look to Plaintiff's other claims to determine whether the amount in controversy requirement is satisfied.

**B.     Negligence Claim Does Not Meet Amount in Controversy**

Having determined that the value of Plaintiff's property does not approximate the value of available injunctive relief, the Court must assess whether Plaintiff's claim for negligence satisfies the required amount in controversy under § 1132. The Court finds that it does not.

Defendant fails to show that Plaintiff's requested damages for the negligence claim exceed $75,000. Plaintiff's Complaint does not allege a specific amount of damages, only that he is likely to quickly fall behind on his mortgage payments. (Compl. ¶ 12). Defendant does not provide any basis to conclude that if Plaintiff misses payments he will suffer damages greater than $75,000. Therefore, Defendant has not satisfied its burden to demonstrate that the amount in controversy exceeds $75,000.

For the above reasons, this case is hereby **REMANDED** to the state court from which it was removed.

**IT IS SO ORDERED.**

:

Initials of Preparer